1

2

3

4

5

6

7

8

9

10

11

12

13

14

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RICHARD PAREDEZ,

         Petitioner,

   v.

JAMES YATES, Warden,

         Respondent.

_____/

1:10-cv-00815 MJS (HC)

ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS FOR FAILING
TO STATE COGNIZABLE CLAIM

[Doc. 1]

15

16

17

18

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.   Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

19

20

21

22

     Petitioner filed the instant petition for writ of habeas corpus on May 11, 2010 (Pet., ECF No. 1.)  Petitioner seeks relief based on allegations that officials at Pleasant Valley State Prison are not responding to his written grievances regarding his lost or stolen property. (Id. at 3.)

23

**I.**   **DISCUSSION**

24

    **A.**   **Procedural Grounds for Summary Dismissal**

25

     Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

26

27

     If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28

     The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

1  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the
2  respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition
3  for habeas corpus should not be dismissed without leave to amend unless it appears that
4  no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440
5  F.2d 13, 14 (9th Cir. 1971).

6          **B.    Failure to State Cognizable Claim**

7          The instant petition must be dismissed because it does not challenge the fact or
8  duration of Petitioner's confinement.

9          A federal court may only grant a petition for writ of habeas corpus if the petitioner
10  can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).
11  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or
12  duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
13  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of
14  the Rules Governing Section 2254 Cases.

15          In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method
16  for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500
17  U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory
18  Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  "Habeas
19  jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison
20  condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334
21  F.3d 850, 859 (9th Cir. 2003).

22          Petitioner's claims do not implicate the fact or duration of his confinement. They
23  seek redress from a decision of California Department of Corrections officials denying relief
24  to his grievances regarding alleged lost or stolen property. (Pet.)  Petitioner does not
25  challenge his conviction or sentence. Petitioner's claims are not cognizable grounds for
26  federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his
27  claims, Petitioner must do so by way of a civil rights complaint.
28  ///

1   ///

2   **C.     Certificate of Appealability**

3       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

4   appeal a district court's denial of his petition, and an appeal is only allowed in certain

5   circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute

6   in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which

7   provides as follows:

8            (a) In a habeas corpus proceeding or a proceeding under section
             2255 before a  district judge, the final order shall be subject to review, on
9            appeal, by the court  of appeals for the circuit in which the proceeding is
             held.
10
             (b) There shall be no right of appeal from a final order in a
11           proceeding to test the validity of a warrant to remove to another district or
             place for commitment or trial a person charged with a criminal offense
12           against the United States, or to test the validity of such person's detention
             pending removal proceedings.
13
             (c)     (1) Unless a circuit justice or judge issues a certificate of
14           appealability, an appeal may not be taken to the court of
             appeals from–
15
                 (A) the final order in a habeas corpus proceeding in
16               which the detention complained of arises out of process
                 issued by a State court; or
17
                 (B) the final order in a proceeding under section 2255.
18
             (2) A certificate of appealability may issue under paragraph
19           (1) only if the applicant has made a substantial showing of the
             denial of a constitutional right.
20
             (3) The certificate of appealability under paragraph (1) shall
21           indicate which specific issue or issues satisfy the showing
             required by paragraph (2).
22

23      If a court denies a petitioner's petition, the court may only issue a certificate of

24   appealability "if jurists of reason could disagree with the district court's resolution of his

25   constitutional claims or that jurists could conclude the issues presented are adequate to

26   deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v.

27   McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the

28   merits of his case, he must demonstrate "something more than the absence of frivolity or

1   the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

2          In the present case, the Court finds that reasonable jurists would not find debatable

3   or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus

4   relief, nor would they find him deserving of encouragement to proceed further.  Petitioner

5   has not made the required substantial showing of the denial of a constitutional right.

6   Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

7                                        **ORDER**

8          Accordingly, IT IS HEREBY ORDERED that:

9          1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

10         2. The Clerk of Court is DIRECTED to enter judgment; and

11         3. The Court DECLINES to issue a certificate of appealability.

12   IT IS SO ORDERED.

13   Dated:    August 21, 2010                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28